ELLA COYLE, GUARDIAN, ETC., RELATOR, v. PENSION COMMISSION OF THE POLICE AND FIRE DEPARTMENT OF THE CITY OF ATLANTIC CITY, RESPONDENT.

Submitted January 30, 1931—Decided October 3, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the relator, *Isadore Sacks.*

For the respondent, *Joseph B. Perskie.*

1

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. William Coyle died while a member of the Atlantic City police force. His death occurred in the year 1925 and he was then receiving a salary of $1,600 a year. From the time that he became a member of the police force until his death, he contributed from every payment of salary two per cent. of the amount thereof toward the pension fund as required by chapter 160 of the laws of 1920, entitled "An act providing for the retirement of policemen and firemen of the police and fire departments in municipalities of this state, including all police officers having supervision or regulation of traffic upon county roads, and providing a pension for such retired policemen and firemen and members of the police and fire departments, and the widows, children and sole dependent parents of deceased members of said departments." *Pamph. L., p.* 324. After his death, Ella Coyle, the present relator, was appointed guardian of the four children of the deceased: John, Dorothy, Harry and William. She was the mother of these children, and after she was appointed guardian she demanded payment from the pension commission of the moneys which she claimed to be due to these children under the statute. For some twelve years prior to Coyle's death, the relator had been living with him and while doing so gave birth to these four children, the father of each of them being, as was admitted, William Coyle, the member of the police force. The pension commission refused to comply with the demand upon the ground that although Coyle was the father of these children they were each of them illegitimate, the mother never having married him but living in a state of adultery with him from a time prior to the birth of the first child until his death.

The contention on the part of the relator is that notwithstanding the illegitimacy of the children, which is admitted, she is nevertheless entitled to have her demand complied with by virtue of the mandate of section 3 of the statute. That section provides that "the widow or children or sole dependent parent of any member of the police or fire department having paid into the fund the full amount of his annual assessment

or contribution, who shall have lost his life in the performance of his duty, or who shall die from causes other than injuries received in the performance of duty, shall receive a pension equal to one-half of the salary of such member at the time of his death not exceeding $1,000." The basis of the refusal of the respondent commission to pay the pension to the guardian of these children was that the statute only applied to the legitimate children of a deceased member and not to illegitimate children, and that consequently the latter were not entitled to share in the pension fund.

The argument in support of the relator's claim is that the intention of the legislature as expressed in the statute was to protect all the dependents of the deceased member of the force, and that consequently the statute should be construed to embrace illegitimate as well as legitimate children when the former are dependent for their support and maintenance upon the member of the force whose death has occurred, and who are legally entitled to such support and maintenance. The respondent, on the other hand, contends, as already indicated, that this statute should be construed to include only children of the decedent born in lawful wedlock. We consider this contention to be sound. The pension fund is composed largely of public moneys; and certainly the legislature did not intend by this enactment to encourage members of the police and fire department to indulge in sexual relations with women who were not their wives. The argument on behalf of the relator, if carried to its logical conclusion, would require the court to hold that where a member of the police or fire department who was entitled to a pension left a widow and a number of legitimate children to whom she had given birth, and also a number of illegitimate children, the issue of various women with whom he had indulged in adulterous acts, that these illegitimate children should be entitled to share *pro rata* with the legitimate ones in the distribution of the pension fund. For the purposes of this case it may be assumed that the father of illegitimate children is under a legal obligation to support them, but that does not justify a holding that it was the intention of the legislature

when a member of a police or fire department indulged in illicit relations with other women, and children were born as the result thereof, that the public moneys contributed to the pension fund should be used for the purpose not only of supporting his legitimate, but also his illegitimate children. In our opinion, neither the language of the statute nor the purpose of its enactment will justify the putting of such a construction upon it.

For the reason indicated, we conclude that the peremptory writ of *mandamus* which is asked for by the relator should be denied.